■ In the Matter of the Construction of the Will of ISABELL F. HICKEY, Deceased. LEROY F. HICKEY et al., Appellants; ELEANOR C. H. RIEL, Respondent.— In a proceeding for a construction of a will, the appeal is from an order of the Surrogate's Court, Queens County, striking out defenses interposed by appellants which denied respondent's status as a distributee, on the ground that her adoption by the testatrix had been abrogated. Order reversed on the law, with $10 costs and disbursements, and petition dismissed. The findings of fact are affirmed. Respondent was adopted by the testatrix and her husband in 1920. In 1927 the foster parents, respondent and respondent's father executed an agreement to abrogate the adoption; the matter was examined and approved by the Surrogate who duly indorsed his consent upon such agreement. The original abrogation papers (the agreement and consent) were filed and recorded in Queens County, wherein the foster parents resided, but a copy thereof was never filed and recorded in Kings County, where respondent's father resided. In our opinion, it was error to hold that under the then applicable statute (Domestic Relations Law, § 116; L. 1920, ch. 287, *repealed by* L. 1938, ch. 606) the abrogation never took effect. In 1927 the relevant portion of this statute read as follows: " The agreement [of the parties] and consent [of the Surrogate, to the abrogation] shall be filed and recorded in the office of the county clerk of the county where the foster parent resides, and a copy *thereof* filed and recorded in the office of the county clerk of the county where the parents or guardian reside * * * if they reside * * * within this state. From the time of the filing and recording *thereof,* the adoption shall be abrogated ". (Italics *and matter in brackets* added.) The statute did not require, nor in our opinion did the Legislature intend to provide, that an adoption should be abrogated only on the filing

and recording of the original agreement and consent, and of the copies, if the parents or guardian resided in this State. All that was actually required and specifically provided by the language employed, was that there should be an agreement and consent, and that the abrogation should take effect on the "filing and recording thereof". The word "thereof" was obviously not intended to apply to the last antecedent (the copies), for if that were so, and an adoption could not be abrogated without filing and recording the copies of the agreement and consent, there could never have been an abrogation of an adoption if the parents or guardian resided outside this State. For the same reason, the word "thereof" was not intended to apply to both the originals and the copies of the agreement and consent. Although it was provided that, in addition to the filing and recording of the originals, there should be a further filing and recording of a copy, if the parents or guardian was a resident of the State, the Legislature did not provide that an adoption could be abrogated only on such "filing and recording" or use other language which would have expressed clearly an intent that an additional filing and recording was required to abrogate an adoption order under such circumstances. The true construction of the statute, in our opinion, is that the word "thereof", first used and then repeated, was intended to refer in each case to the same antecedent (the original agreement and consent) and that the added requirement of filing and recording of a copy, under certain circumstances, was directory only. Consequently, although the testatrix and her husband did not comply with all of the provisions of the statute, their compliance was substantial, and sufficient to effect the abrogation of respondent's adoption. Nolan, P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm on the ground that under the clear wording of the then statute as it read in 1927 (Domestic Relations Law, § 116; L. 1920, ch. 287, repealed by L. 1938, ch. 606) the filing and recording in both places are conditions precedent to the validity of any order abrogating an adoption.